OPINION OF THE COURT
Con. G. Cholakis, J.
The members of the petitioning association and the individual petitioners are owners of real property located in New York State devoted to apple orchard use. They bring this CPLR article 78 proceeding to challenge the agricultural use values promulgated by the respondent State Board of Equalization and Assessment (State Board) for the year 1983. These assessments, for the first time, established a separate schedule of values for land devoted to orchards and vineyards. Basically, the petitioners claim that this action by the State Board contravenes the Agricultural Districts Law (Agriculture and Markets Law, art 25AA), which, the petitioners allege, provides the exclusive methodology for valuing farm land in New York State. The petitioners stress that under the statute, land is to be classified in terms of soil productivity and fertility (Agriculture and Markets Law, § 304-a, subd 3, par a), and that *68 there is no authority permitting a departure from this procedure so as to separately value land which serves as orchards and vineyards. The petitioners additionally argue that the promulgation of separate agriculture use values for orchard and vineyard land, without promulgating separate values for other perennial crops, is violative of due process and equal protection guarantees. Other arguments are made upon the allegation that the State Board failed to follow appropriate, mandated procedures in the promulgation of the new use values in that it failed to give proper recognition to the advisory status of certain organizations and individuals pursuant to section 304-a (subd 2, par a) of the Agriculture and Markets Law.
The Agricultural Districts Law was first enacted in 1971 to provide a means by which agricultural land subject to urban pressures may be protected (see Agriculture and Markets Law, § 300). Protection is afforded by permitting eligible farm land to be taxed on the basis of its agricultural value, rather than its higher value for nonagricultural uses. The statute and relevant regulations provide for an annual application to be made by the landowner. The local assessor then uses agricultural values per acre and an equalization rate established annually by the State Board to calculate an agricultural value ceiling (Agriculture and Markets Law, § 305, subd 1, par c; 9 NYCRR 194.11). If the assessed value exceeds this ceiling, then by statute the difference “shall not be subject to real property taxation” (Agriculture and Markets Law, § 305, subd 1, par b). Otherwise stated, the agricultural value ceiling establishes an upper limit on the taxable value of the farm land, and any value assessed in excess of this ceiling is exempt from taxation.
Section 304-a of the Agriculture and Markets Law requires the State Board to determine the average value per acre of land used in agricultural production in New York State by using an income capitalization methodology in conjunction with a land classification system developed by the Department of Agriculture and Markets. The statute does not, however, prohibit the State Board from additionally determining separate agricultural values for different types of land having different agricultural uses. In fact, the *69 authority to do just this can be read in subdivision 5 of section 301 of the Agriculture and Markets Law which defines “agricultural value” as “[t]he market value of land for agricultural production purposes if no other use were possible.” Certainly, the market value of established orchards or vineyards is different than other land, and, as the respondents argue, if this difference is to be ignored, then subdivision 5 of section 301 has no meaning or purpose. It is basic that “a statute or legislative act is to be construed as a whole, and that all parts of an act are to be read and construed together to determine the legislative intent” (McKinney’s Cons Laws of NY, Book 1, Statutes, § 97). Giving purpose and meaning to subdivision 5 of section 301, and reading it together with subdivision 1 of section 304-a, the conclusion appears inescapable that the statute does not prohibit the separate valuation of orchards or vineyards, but, in fact, envisions it.
Moreover, the result reached is consistent with the general scheme of land taxation, and in this connection it is to be recalled that statutes in pari materia “are to be construed together as though forming part of the same statute, and should, if possible, be given uniformity of application and construction, and applied harmoniously and consistently” (McKinney’s Cons Laws of NY, Book 1, Statutes, § 221, subd [b]). Section 300 of the Real Property Tax Law provides that “[a]ll real property within the state shall be subject to real property taxation * * * unless exempt therefrom by law”. Section 102 (subd 12, pars [a], [b]) of the Real Property Tax Law defines the terms “Real property”, “property” or “land”, to include, “[l]and itself * * * including trees and undergrowth thereon” and “Buildings and other articles and structures * * * erected upon * * * the land, or affixed thereto”. Fruit trees and grapevines are, therefore, taxable real property and by statute are subject to taxation to the extent that they add value to the land upon which they are located. As described above, the Agricultural Districts Law provides a means of affording real property owners a partial exemption, but the statute should not be read, as the petitioners urge, so as to nullify the taxable nature of trees and grapevines. Not only is it unnecessary to reach a conclusion that one statute here *70 contradicts the other, but to this court’s mind such a conclusion would be unreasonable.
Turning to the other arguments the court finds no merit to the position that the procedures challenged are violative of equal protection guarantees. Orchards and vineyards are fundamentally different from other types of agricultural land, basically because they contain a component of taxable real property not present on other types of land — fruit trees and grapevines. There exists, therefore, a reasonable basis for the distinction and the separate treatment of such land is, as indicated, authorized by statute.
The court has examined the other arguments of the petitioners, but, again, finds them to be without merit. Notably, the submissions establish that the amendment to the State Board’s rules (amendment to 9 NYCRR part 194) was promulgated in keeping with all applicable statutory procedures. The allegation that the State Board failed to give proper regard to the advisory status of organizations and individuals appears to be conclusory only and is denied by specific affidavit. Otherwise, affidavits submitted by the respondents detail the efforts made to use available data to consider soil grouping in the valuing of orchards and vineyards.
The respondents, accordingly, may submit judgment dismissing the petition.